UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YOK

| | |
|---|---|
| JOANNA HERNANDEZ,<br><br>Plaintiff**,**<br><br>-against-<br><br>MORIS HASBANI, MDBH MOBILE INC., HIGHSPEED WIRELESS 1618 INC., and JOHN DOE ENTITIES NO. 1- NO. 5,<br><br>Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff JOANNA HERNANDEZ ("Plaintiff"), by and through her attorneys, Mohammed Gangat, Esq., alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1. This is an action brought by Plaintiff against Defendants MORIS HASBANI ("Hasbani"), MDBH MOBILE INC., HIGHSPEED WIRELESS 1618 INC., and JOHN DOE ENTITIES No. 1 - No. 5 (collectively, "Defendants") to recover unpaid overtime compensation, unpaid commissions, spread of hours pay, statutory damages, and other damages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and the New York Labor Law ("NYLL").

2. Defendants own and operate multiple Boost Mobile retail stores in New York, including locations in the Bronx, Harlem, and Mount Vernon.

3. Throughout Plaintiff's employment, Defendants willfully failed to pay Plaintiff overtime compensation, failed to pay earned commissions, failed to pay spread of hours pay,

failed to provide proper wage notices, and failed to provide compliant wage statements in violation of the FLSA and NYLL.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as Defendants conduct business in this district, and the acts and omissions giving rise to the claims herein occurred in this district.

## PARTIES

6. Plaintiff Joanna Hernandez is an adult individual residing in Bronx, New York.

7. Upon information and belief, Defendant Moris Hasbani (also known as "Moe Hasbin") is an owner, officer, director and/or managing agent of MDBH MOBILE INC., HIGHSPEED WIRELESS 1618 INC., and the other corporate Defendants who participated in the day-to-day operations of the corporate Defendants and acted intentionally and maliciously and is an employer pursuant to the FLSA and NYLL.

8. Upon information and belief, Defendant MDBH MOBILE INC. is a domestic corporation organized and existing under the laws of New York, with its principal place of business at 14 West 125th Street, New York, NY 10027.

9. Upon information and belief, Defendant HIGHSPEED WIRELESS 1618 INC. is a domestic corporation organized and existing under the laws of New York, with its principal place of business at 1618 Westchester Ave, Bronx, NY 10472.

10. Upon information and belief, JOHN DOE ENTITIES No. 1 - No. 5 are additional corporate entities through which Defendants operate their Boost Mobile retail stores.

## JOINT EMPLOYER ALLEGATIONS

11. At all relevant times, Defendants were Plaintiff's joint employers within the meaning of the FLSA and NYLL.

12. Upon information and belief, Defendant Hasbani operates several Boost Mobile retail locations through one or more corporate entities, including but not limited to MDBH MOBILE INC. and HIGHSPEED WIRELESS 1618 INC.

13. Despite the use of multiple corporate entities, the Defendants' business operations constitute a single integrated enterprise in that:

    a) All locations operate under centralized management and control exercised by Defendant Hasbani;

    b) Defendant Hasbani personally handles all hiring decisions for all store locations;

    c) Employees, including Plaintiff, are regularly required to work at or provide coverage for multiple store locations;

    d) Defendant Hasbani maintains sole and exclusive control over inventory purchasing for all locations;

    e) Inventory is regularly transferred between store locations based on business needs;

    f) Defendant Hasbani personally manages all interactions and dealings with Boost Mobile, the franchisor;

    g) Employment policies, practices, and procedures are uniform across all locations;

    h) Payroll practices and employee compensation structures are consistent across all locations;

      i) All locations operate under common financial control and shared resources; and

      j) The day-to-day operations, management decisions, and business practices are directed and controlled by Defendant Hasbani across all locations.

14. The multiple corporate entities used by Defendant Hasbani to operate the various store locations are interrelated and unified operations that share common ownership, common management, centralized control of labor relations, and common financial control.

### FACTUAL ALLEGATIONS

15. Plaintiff was employed by Defendants from approximately 2015/2016 until January 2, 2024.

16. Throughout her employment, Plaintiff primarily worked at Defendants' store located at 1618 Westchester Ave, Bronx, NY 10472.

17. Plaintiff regularly worked six (6) days per week, and occasionally seven (7) days per week.

18. On Monday through Saturday, Plaintiff typically worked from 9:30 AM until 7:30 PM, and sometimes as late as 8:30 PM.

19. On Sundays, when scheduled, Plaintiff typically worked from 10:30 AM until 5:45 PM.

20. Plaintiff typically worked alone on Sundays, and with one other employee the other days of the week.

21. Defendants paid Plaintiff a daily rate that started at approximately $50 per day and increased to $180 per day by the end of her employment. The day rate was never intended to account for overtime premium. It was never adjusted to reflect variations in weekly overtime hours. And, there was never any agreement, written or otherwise, concerning overtime premium

being included in the day rate. Plaintiff was paid in cash approximately every Monday, without any accompanying pay stubs.

22.. Throughout her employment, Plaintiff regularly worked in excess of forty (40) hours per week.

23. Defendants failed to pay Plaintiff any overtime premium for hours worked in excess of forty (40) hours per week. She was required to clock in and out with every shift but was never given a copy of her hours.

24. Defendants would have a changing commissions plan for Plaintiff that would change every month. Defendants never provided a breakdown of Plaintiff's commissions and was also paid in cash.

25. Defendants failed to pay Plaintiff spread of hours pay when her workday exceeded ten (10) hours. Defendants also never provided Plaintiff with a proper lunch break and was forced to eat whenever she could.

26. Throughout her employment, Defendants failed to provide Plaintiff with proper wage notices as required by NYLL ¬ß 195(1) and Defendants failed to provide Plaintiff with proper wage statements as required by NYLL ¬ß 195(3).

27. The failure to provide a wage notice and wage statements was part of Defendants' plan to hide from Plaintiff her rights under the law, including her right to overtime pay, and thereby induce Plaintiff into an employment rife with wage theft. Every week Plaintiff was deprived legally required notices and wage statements ensure that Defendants' illegal scheme could continue.

**FIRST CAUSE OF ACTION**
**(FLSA Overtime Violations)**

28. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

29. Throughout the relevant time period, Plaintiff regularly worked in excess of 40 hours per week.

30. Defendants willfully failed to pay Plaintiff overtime compensation at a rate of one and one-half times her regular rate of pay for hours worked in excess of 40 hours per week, in violation of 29 U.S.C. 207.

31. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. 255(a).

## SECOND CAUSE OF ACTION
### (NYLL Overtime Violations)

32. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

33. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime compensation at a rate of one and one-half times her regular rate of pay for hours worked in excess of 40 hours per week, in violation of NYLL 650 and 12 NYCRR 142-2.2.

34. Defendants' failure to pay Plaintiff overtime compensation was willful and not in good faith.

## THIRD CAUSE OF ACTION
### (NYLL Spread of Hours)

39. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

40. Throughout her employment, Plaintiff regularly worked shifts that exceeded ten hours per day.

41. Defendants willfully failed to pay Plaintiff an additional hour of pay at the basic minimum hourly wage rate for each day in which her workday exceeded ten hours, in violation of NYLL 650 and 12 NYCRR 142-2.4.

## FOURTH CAUSE OF ACTION
### (NYLL Wage Notice Violations)

42. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

43. Defendants failed to provide Plaintiff with a written notice upon her hiring containing the information required by NYLL ¬ß 195(1), including her rate of pay, the basis of her rate of pay, regular pay day, and other information.

44. Defendants failed to obtain from Plaintiff a signed and dated written acknowledgment of receipt of the wage notice in the primary language identified by Plaintiff.

45. Due to Defendants' violation of NYLL ¬ß 195(1), Plaintiff is entitled to statutory damages pursuant to NYLL ¬ß 198(1-b).

## FIFTH CAUSE OF ACTION
### (NYLL Wage Statement Violations)

46. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

47. Throughout Plaintiff's employment, Defendants failed to provide her with accurate wage statements with each payment of wages containing the information required by NYLL ¬ß 195(3), including her rate of pay, the basis of her rate of pay, gross wages, deductions, and net wages.

48. Due to Defendants' violation of NYLL ¬ß 195(3), Plaintiff is entitled to statutory damages pursuant to NYLL ¬ß 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the overtime provisions of the FLSA and NYLL;

(b) Awarding Plaintiff unpaid overtime compensation;

(c) Awarding Plaintiff unpaid commissions;

(d) Awarding Plaintiff unpaid spread of hours pay;

(e) Awarding Plaintiff liquidated damages pursuant to the FLSA and NYLL;

(f) Awarding Plaintiff statutory damages for Defendants' failure to provide proper wage notices and statements;

(g) Awarding Plaintiff pre-judgment and post-judgment interest;

(h) Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

(i) Awarding such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable.

Dated: New York, New York
March 5, 2025

**LAW OFFICE OF MOHAMMED GANGAT**

By: _____
Mohammed Gangat, Esq.
675 Third Avenue, Suite 1810
New York, New York
(718) 669-0714
mgangat@gangatllc.com
*Attorneys for Plaintiff*